UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

**DR. RAGINI ACHARYA,**

        Plaintiff,

  v.

**UNIVERSITY OF TENNESSEE
SPACE INSTITUTE**

        Defendant.

Case No.

---

## COMPLAINT FOR DISCRIMINATION

---

The Plaintiff, Dr. Ragini Acharya, by and through her attorneys of record, based on claims against Defendant, requests damages in an amount to be determined by a jury. In support of her Complaint Plaintiff states as follows:

### JURISDICTION, VENUE AND PARTIES

1. Plaintiff brings this action under the laws of the United States of America, in particular Title VII of the Civil Rights Act of 1964, coded as 42 U.S.C. § 2000e, as amended by § 1981a. (Hereinafter, "Title VII"); Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 79 and Title IX. This Court's Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and § 1343.

2. Plaintiff brings this action under the laws of the United States of America. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) inasmuch as Plaintiffs' causes of action arose in the Middle District of Tennessee.

## NATURE OF THE ACTION AND RELIEF SOUGHT

3. This is an employment discrimination case by a previous employee of University of Tennessee Space Institute alleging a continuing series of discriminatory conduct against her because of race, national origin, sex, religion and retaliation.

4. Plaintiff seeks a declaration that the acts of the defendant negligently, intentionally and unlawfully discriminated against her because of race, national origin, sex, religion and retaliation in retaliation for opposing such discrimination, appropriate injunctive relief, lost pay, compensatory and non-compensatory damages in an amount to be determined at a jury trial.

## THE PARTIES

5. Plaintiff Dr. Ragini Acharya is a naturalized United States female citizen and a resident of the State of Alabama, residing in Madison County.

6. Defendant, the University of Tennessee Space Institute (hereinafter UTSI), is a state of Tennessee owned institution principally engaged in education. UTSI may be served with process at the State of Tennessee, Office of the Attorney General P.O. Box 20207, Nashville, TN 37202-0207.

7. The state of Tennessee is responsible for the policies, practices and customs of UTSI as well as the hiring, training, supervision, control and discipline of its employees. Defendant is and was the employer of the personnel, named herein as participants in the discrimination against Plaintiff.

8. Defendant acts or fails to act through its policy making officials, including, but not limited to its Deans of Universities and their assigns; the acts and edicts of its policy making officials represent the policy, practice and customs of the State of Tennessee.

9. Defendant has a constitutional and statutory responsibility to prevent practices of discrimination and retaliation in the state educational system. In addition, Defendant is and was responsible for ensuring that supervisor in its departments obey and obeyed regulations of the State, the ordinance and laws of the State of Tennessee and law of the Constitution of the State of Tennessee and the United States. The Defendant is and was responsible also for the establishment of policies, procedures and guidelines for the safe handling of victims of discrimination.

10. At all times material hereto, the individual employees were acting intentionally, maliciously, and in reckless disregard of the Plaintiff's right to be free from discrimination and retaliatory discrimination.

11. At all times relevant hereto, the Agency acted negligently, intentionally, deliberately, maliciously and with willful disregard for the Plaintiff's rights to be free from discrimination as to her race, national origin, sex, religion and retaliation in further willful disregard for her rights to exercise rights guaranteed her under the Fourteenth Amendment to the United States Constitution.

12. At all times material hereto, Defendant acted or failed to act through its authorized agents, servants, workmen and employees who were at all times then and there acting within the course and scope of their authority and employment. Defendant is strictly liable for the acts and failures to act of its supervisory personnel.

13. The acts and failures to act complained of herein, were allowed and only occurred because Defendant, as a matter of custom, policy and/or practice intentionally and deliberately failed to adequately train, supervise, discipline, or otherwise direct its authorized agents concerning race, national origin, sex, religion and retaliation, as a further matter of custom,

policy and/or practice intentionally and deliberately failed to put in place, implement and/or establish management policies and procedures that would impact fairly upon all its employees, regardless of their disability and thereby causing, encouraging, fostering and fomenting its supervisory agents in this case to engage in the unlawful and illegal conduct described herein.

## ADMINISTRATIVE PROCEDURES

14. Plaintiff filed charges of race, national origin, sex, religion and retaliation for prior protected activity against the Defendant with the District Office of the Equal Employment Opportunity Commission, Charge No. 490-2025-01515. (see attached and incorporated with this complaint, Exhibit 1)

15. Plaintiff instituted an administrative hearing with the EEOC, which was subsequently appealed and received a final decision on August 4, 2025. This decision provided that Plaintiff had ninety (90) days to file a civil action in the appropriate United States District Court. (See Exhibit 2).

16. Dr. Acharya timely files this action.

## . BACKGROUND ALLEGATIONS

17. At the time of Defendant's discriminatory act, Dr. Acharya was a full-time Associate Profession with the University hired on or about August of 2020.

18. Dr. Acharya became a target of elevated harassment and discrimination upon the election President Trump. Specifically, Dr. Acharya was told on numerous occasions that all of the problems in the school and the state of Tennessee were centered around immigrants, minorities and women.

19. Dr. Acharya filed a complaint with the Dean of Engineering about being harassed and slandered by Dr. Schmisseur, her direct report. Upon filing an harassment complaint, Dr.

Schmisseur would make statement about Plaintiff. In fact, Dr. Schmisseur would take any and every opportunity when he was on the podium to complain about naturalized citizens like the Plaintiff. Dr. Schmisseur would also take every opportunity he had to talk about how minorities and women are destroying this country.

20. Defendant also refused and failed to follow its own disciplinary policy in matters involving the Plaintiff.

21. Defendant also manufactured charges of harassment against the Plaintiff and when the charges were unfounded, Defendant chose to terminate the Plaintiff for complaining about her own harassment.

22. Interesting in the claim of harassment against the Plaintiff without any formal investigation or evidence, Plaintiff was placed on administrative leave. However, when Plaintiff claimed harassment against Dr. Schmisseur, he boss there was no investigation, and no one was placed on administrative leave. In fact, after Plaintiff claims of harassment were totally ignored. Here complaint concluded with her termination.

23. Defendant consistently manufactured charges against her. On one occasion, Plaintiff was told she was being investigated because she implied white men are sexist and racist. After she brought awareness to Human Resources that her supervisor, Dr. Schmisseur made sexist and racist comments about and toward her while lecturing from the podium.

24. Human resource turned Plaintiff's complaint about the racist and sexist comments against her as a Title IX violation in retaliation for filing a complaint.

25. At one point Defendant suggested that students stop and withdraw from Plaintiff's program because as a single mother she would be unable to provide the necessary support. This was another means of retaliation for filing a complaint of harassment

against her boss.

26. Plaintiff explained everything to her employer and told her employer that she was being harassed by Dr. Schmisseur.

27. Plaintiff was administratively separated from her employment because her complaints of discrimination and terminated for filing complaints of discrimination.

## COUNT I:

### Violation of 42 U. S. C. §2000e-2(a)(1).

28. The Allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety. The acts and failures to act of Defendant by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff with respect to the terms and conditions of her employment because of her race, national origin, sex, religion and retaliation.

29. Defendant is strictly liable for the acts and failures to act of its supervisory personnel, including race, national origin, sex, religion and retaliation. Specifically, Defendant made racist and sexist statements against the Plaintiff and then placed on administrative leave for complaining about Defendant's conduct. On one occasion Defendant's supervisory stated that all of the problems with the education system stem from immigrants like the plaintiff and women. Defendant's conduct eventually led to the Plaintiff's termination.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount in excess of One Hundred Thousand Dollars ($100,000.00), and for all attorney's fees as allowed by 42 U. S. C. §1988.

## COUNT II:

### Violation of 42 U. S. C. §2000e-2(a)(2).

30. The Allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

31. The acts and failures to act of Defendant by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they tended to limit, segregate and classify the Plaintiff in such a way as to deprive the Plaintiff of employment opportunities or otherwise affect her status as an employee because of her race, national origin, sex, religion and retaliation. Defendant's decision to retaliatorily terminate the Plaintiff has deprived plaintiff of her current job, her ability to obtain tenure and another job as a professor or teacher on the college level.

32. Defendant is strictly liable for the acts and failures to act of its supervisory personnel.

33. The acts and failures to act of Defendant constituted an unlawful employment proscribed by 42 U. S. C. §2000e-2(a)(2).

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount in excess of One Hundred Thousand Dollars ($100,000.00), and for all attorney's fees as allowed by 42 U. S. C. §1988.

### COUNT III    PLAINTIFF'S 42 U.S.C. §1981 CLAIM

34. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 33 of this complaint.

35. The acts and failures to act of the Defendants, individually and jointly, deprived the Plaintiff of her right to make and enforce her contract of employment with UTSI.

Specifically, Defendant failed to follow its policy and denied her the right to fulfill her contract obligations.

36. The acts and failures to act of Defendants, as described herein, violated the Plaintiff's rights as guaranteed to her by 42 U. S. C. §1981.

37. As a direct and proximate result thereof, the Plaintiff was injured as described herein.

**WHEREFORE**, the Plaintiff demands judgment in her favor and against the Defendant, in an amount in excess of One Hundred Thousand Dollars, and for attorneys fees as allowed under 42 U. S. C. §1988.

## COUNT IV
## PLAINTIFF'S 42 U.S.C. §1983 CLAIM (14th Amendment, Due Process)

38. The plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 37 of this complaint.

39. Plaintiff alleges further that because of such acts of discrimination alleged herein have gone uncorrected; they constitute continued unlawful act(s) included but not limited to failure to afford plaintiff due process of law affecting her termination; and that the termination of the Plaintiff was in complete violation of law as afforded under law as it has been established in the state of Tennessee.

40. Defendant, under color of law, intentionally and with complete and deliberate indifference to Plaintiff's rights, caused her to be deprived of her constitutional and federal rights as guaranteed her under the Fourteenth Amendment to the United States Constitution, by failing to give the plaintiff a fair and impartial hearing.

41. As a direct and proximate result thereof, the Plaintiff was further injured as described herein.

**WHEREFORE**, the Plaintiff demands judgment in her favor and against the Defendant, individually and jointly, in an amount in excess of One Hundred Thousand Dollars, and for attorneys fees as allowed under 42 U. S. C. §1988

> Respectfully submitted,
>
> s/Michael G. Floyd
> _____
> Michael G. Floyd (BPR #23423)
> LAW OFFICE OF MICHAEL G. FLOYD
> 4646 Poplar Avenue Ste 502
> Memphis, Tennessee 38117
> (901) 779-4973
> *Attorney for Plaintiff*